UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MARQUEZ,<br><br>               Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>               Defendant. | ) Case No. EDCV 08-206-OP<br>)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER<br>)<br>)<br>)<br>)<br>) |

    The Court[1] now rules as follows with respect to the five disputed issues listed in the Joint Stipulation ("JS").[2]

**I.**

---

    [1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 16, 17.)

    [2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the opinion of treating physician, Dr. Lee;
2. Whether the ALJ properly found that Plaintiff had a capacity for work at the light exertional level;
3. Whether Plaintiff is disabled under the Medical-Vocational Guidelines;
4. Whether the ALJ properly assessed the credibility of Plaintiff's wife; and
5. Whether the ALJ properly addressed Plaintiff's credibility.

(JS at 2-3.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

# DISCUSSION

**A.    The ALJ's Findings and Residual Functional Capacity ("RFC") Assessment.**

The ALJ found that Plaintiff had the following severe impairments: disorder of the lumbar spine; disorder of the cervical spine; obesity; a right knee disorder, status post surgery; and gouty arthritis of the knees and ankles. (AR at 24.) However, the ALJ found that these impairments did not meet or equal a listing.

The ALJ found that Plaintiff was capable of occasionally lifting and carrying twenty pounds, and frequently lifting and carrying ten pounds; standing for one hour at a time; walking thirty minutes at a time; standing four hours out of an eight-hour work day, provided he is given the option to change positions every sixty minutes, with the change in position lasting no longer than one to two minutes; occasionally climbing ramps and stairs but not ladders, scaffolds and ropes. He also found that Plaintiff should avoid even moderate exposure to extreme cold, extreme heat, and humidity and wetness, and even moderate exposure to dangerous moving machinery; was precluded from working at unprotected heights; should avoid concentrated exposure to fumes, odors, dust, gases, and chemicals; and was limited to moderate exposure to driving automotive equipment. (Id.)

**B.    The Treating Physician's Opinion.**

Plaintiff contends that the ALJ failed to properly consider the medical opinions of his treating physician, Dr. Jonathan Lee. (JS at 3; see also AR at 316-19.) He claims that "Dr. Lee specifically opined that Mr. Marquez was not capable of full-time employment based upon MRI and X-ray findings showing

disk problems and moderate to severe osteoarthritis. (AR 316)."[3]  (JS at 3.)

In his March 1, 2006, report, Dr. Lee opined that Plaintiff could only lift or carry up to ten pounds; that he could only sit between two and three hours, stand for one hour and walk for half an hour at one time without interruption; that he could sit for four of eight hours in a workday; that he could stand for two hours in a workday; that he could never climb, kneel, or crawl; could only occasionally balance, stoop, crouch or push/pull; that he should not work at unprotected heights; has moderate restrictions around machinery, changes in temperature, humidity, and driving; and mild restrictions relating to exposure to dust, fumes and gases. (AR at 316-19.)  Dr. Lee noted that his opinions were primarily based on Plaintiff's April 2004 MRI showing disk problems; April 2004 x-rays of Plaintiff's cervical and lumbar spine, and right foot; February 2006 x-rays of Plaintiff's knees; Plaintiff's complaints of tender back and knees; and Plaintiff's use of a cane. (Id.; see also id. at 324.)

In his decision, the ALJ had this to say about Dr. Lee's report:

> I have read and considered the statement of disability from Jonathan Lee, M.D. . . . and give it little probative value.  The severe restrictions contained in that report are not supported by the objective evidence, including Dr. Lee's own treatment notes.  Indeed, Dr. Lee had stated the year before that the claimant could return to work.  That information appears in a chart note prepared in the regular course of business.  In contrast, the most recent report was prepared at the request of the

---

[3] The Court notes that Dr. Lee did not himself "specifically" opine that Plaintiff was incapable of full-time employment. It was the Vocational Expert ("VE") who testified, when given a hypothetical by Plaintiff's counsel incorporating Dr. Lee's opinions, that Dr. Lee's restrictions resulted in less than full-time employment and with Dr. Lee's restrictions there would be no jobs available at the competitive rate of full-time employment.

Claimant's representative, and the most that can be said is that Dr. Lee was just being accommodative to the claimant regarding his pending litigation in the automotive accident as well as his disability claim.

(Id. at 28 (citations omitted).)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The ALJ need not accept the opinion of the treating physician if that opinion is brief, conclusory, and inadequately supported by clinical findings. Thomas, 278 F.3d at 957.

In this case, the ALJ gave greater weight to the opinion of the medical expert who testified at the hearing after reviewing all of Plaintiff's medical records. (AR at 29.) As noted by the ALJ, with the exception of Dr. Lee, none of the other medical sources, treating or non-treating, found Plaintiff disabled from

5

all work. In fact, the ALJ pointed out that although Dr. Lee relied on the fact that Plaintiff was using a cane, on April 22, 2006, treating physician Dr. Burton examined Plaintiff and reported that although he had a cane, he was able to ambulate without it and had a stable gait.[4]  (Id.; see also id. at 320.)  In July 2004, John C. Steinman, D.O., examined Plaintiff's spine, and the results "were almost completely normal."  (Id. at 28; see also id. at 357-58.)  He found no indication for physical therapy, injection treatments, or surgery.  (Id. at 357-58.)  An orthopedic evaluation in February 2005, conducted by Gail Hopkins, M.D., found degenerative changes of the cervical spine, normal lumbar spine, and degenerative joint disease in the knees.  (Id.; see also id. at 307-08.)  Because the medical opinions differed, the ALJ was obligated to provide specific and legitimate reasons to reject Dr. Lee's opinion.

      The ALJ rejected Dr. Lee's opinion explicitly stating that Dr. Lee's restrictive assessment of Plaintiff was not supported by the treatment records, including Dr. Lee's own records.  (Id. at 28.)  The ALJ need not accept the opinion of the treating physician if that opinion is inadequately supported by clinical findings.  Thomas, 278 F.3d at 957.  The ALJ found that the questionnaire prepared by Dr. Lee was based on Plaintiff's subjective complaints without independent judgment or testing, contradicted Dr. Lee's earlier position that Plaintiff could return to work (which was based at least in part on Dr. Lee's review of the same MRI on which he relied in 2005 when he found Plaintiff able to return to work), and endorsed significantly broader and more severe restrictions than Plaintiff's treatment records with Dr. Lee indicated.  (See id. at 28.)

      Moreover, to the extent Dr. Lee based his assessment on Plaintiff's

---

[4] The Court notes that Dr. Burton relied on the same February 2006 x-rays of Plaintiff's knees that Dr. Lee reviewed and arrived at a different conclusion. (See AR at 329.)

subjective reports of tenderness in his knees and his use of a cane, the ALJ did not find Plaintiff's subjective symptom testimony credible (see infra Part F); nor did he accept Plaintiff's alleged need to use a cane. (AR at 29.) When a treating physician's opinions do not have supporting evidence, are contradicted by other medical records, and are based on the patient's subjective descriptions of symptoms, an ALJ need not fully credit them. Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004).

Based on the foregoing, the Court finds the ALJ's reasons for discounting the opinions expressed by Dr. Lee to be specific and legitimate, and his decision to be based on the substantial evidence of record. Thus, there was no error.

**C.    Light Exertional Level of Work.**

Plaintiff contends that substantial evidence does not support the ALJ's finding that Plaintiff was capable of light work. (JS at 13.) He claims there was no evidence, or "substantial opinion evidence," upon which the ALJ relied in finding Plaintiff capable of work at the light exertional level. (Id. at 11-12.) He also claims that the ALJ failed to provide a rationale for how he arrived at this functional capacity. (Id. at 12-13.) Finally, he claims that the ALJ impermissibly substituted his opinion for that of the medical professionals because no doctor found a light RFC. (Id. at 15.)

The Court agrees with the Commissioner that to determine Plaintiff's RFC, the ALJ may look to statements by treating or examining physicians, consultative physicians, or any other medical consultant designated by the Commissioner, and that the ALJ based his RFC assessment on his consideration of all of the evidence. (Id. at 13.)

The ALJ gave great weight to the medical expert who testified at the hearing. That expert testified that there was no evidence that Plaintiff could not ambulate effectively, that the x-rays of his knees were "unremarkable" except to show some narrowing, probably in part due to surgery, and that Plaintiff probably

7

uses the cane because it helps reduce the pain he feels on his weight bearing joint. (AR at 463.) The ALJ also noted that his finding of light work gave Plaintiff every "benefit of the doubt" and was even more restrictive than the exertional levels suggested by the State Agency examiner and the internal medicine consultative examiner, Dr. Rocely Ella-Tamayo, who both found Plaintiff capable of medium work activities. (Id. at 29.) Based on the foregoing, the court finds no error in the ALJ's finding that Plaintiff was capable of light work.

**D.    Medical-Vocational Guidelines.**

Plaintiff asked the VE at the hearing whether Plaintiff could do any of the jobs the VE had previously identified, assuming that Plaintiff had all the limitations set forth by Dr. Lee, but without a limitation on sitting. (Id. at 479.) The VE testified that Plaintiff would not be able to perform any of the jobs that he had previously identified. (Id.) Plaintiff argues, therefore, that the hypothetical, essentially a limitation to sedentary work, would mean that at most, Plaintiff, with a marginal education and an inability to communicate in English, should be found disabled under the sedentary Medical-Vocational Guideline 201.17 (JS at 16.)

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Thus, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th

Cir. 1995) (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

As previously discussed, the record evidence supported the ALJ's RFC findings. Moreover, the ALJ ultimately determined that Plaintiff was capable of performing light work, an exertional level even more restrictive than that suggested by the State Agency and consulting examiners.

Accordingly, the Court finds there was no error in the ALJ's hypothetical questions to the VE which did not include the limitations suggested by Dr. Lee. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove.").

**E.     Credibility of Plaintiff's Wife.**

Plaintiff contends the ALJ improperly assessed the credibility of Plaintiff's wife. (JS at 19-20.) Plaintiff argues that the ALJ's reasons for rejecting the credibility of Plaintiff's wife were false because there was significant objective evidence to support her testimony, and that her testimony was consistent with Dr. Lee's opinion. (Id. at 20.) Defendant argues that the ALJ provided germane reasons to reasonably conclude that the testimony of Plaintiff's wife was inconsistent with the medical record. (Id. at 21.)

Here, Plaintiff's wife testified at the hearing that since his June 2003 automobile accident, Plaintiff has had pain in his neck, back, legs, and feet. (See AR at 26. 425-26). She testified that on some days he could not even walk and that his legs were swollen. (Id. at 26, 425). She further testified that his pain worsens later in the day and when the weather is cold. (Id. at 26, 426). She testified that her husband makes coffee, warms up the car, takes the kids to school, and washes dishes. (Id. at 26, 427.) She stated that he could not lift anything heavy or bend. (Id. at 26.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provide that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ is not relieved of his obligation to comment upon lay witness testimony simply because he has properly discredited the Plaintiff's testimony. To find otherwise would be based upon "the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms." Id. Similarly, the mere fact that the lay witness is a relative may not be a valid reason alone for rejecting lay witness testimony. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); but see Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (the ALJ's consideration of the claimant's prior girlfriend's close relationship with the plaintiff and desire to help him as a possible reason for bias was a reason germane to that witness).

In this case, the ALJ specifically stated that the testimony of Plaintiff's wife was "inconsistent with the objective medical findings and statements in the record." (AR at 27.) This is an appropriate reason for discounting such testimony. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason

for which an ALJ may discount lay testimony is that it conflicts with medical evidence"); Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) ("The ALJ properly discounted lay testimony that conflicted with the available medical evidence.")

Even if the ALJ failed to properly set forth the actual inconsistencies between Plaintiff's wife's testimony and the medical records, any error was harmless. In failing to address a lay witness' statement, the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). As set forth by Plaintiff, his wife's testimony consisted of little more than an affirmation that Plaintiff sometimes experiences pain and swelling, that on some days he has had trouble walking, and that he cannot bend or lift. (JS at 19-20.) Plaintiff contends this testimony was consistent with Dr. Lee's broad restrictions,[5] which this Court already found to have been properly discounted by the ALJ. Thus, the Court finds that even if this testimony was fully credited, no reasonable ALJ could have reached a different disability determination.

Based on the foregoing, the Court finds that the ALJ properly rejected Plaintiff's wife's testimony because her testimony was inconsistent with the medical evidence of record. See Bayliss v. Barnhart, 427 F. 3d 1211, 1218 (9th Cir. 2005). Thus, the ALJ provided germane reasons for discrediting that testimony. See Dodril, 12 F.3d at 919.

**F.    Plaintiff's Credibility.**

---

[5] The Court notes that this testimony provides some support for Plaintiff's allegations of pain, but does not necessarily agree with Plaintiff that the testimony is consistent with Dr. Lee's restrictive opinion.

Plaintiff contends that the ALJ improperly rejected his testimony that he could stand only about thirty minutes; that he could walk about fifteen minutes at a time, and could only walk a maximum of one block; that he needed to get up and down throughout the day; and that he needed to lie down about two to three times for about five minutes throughout the day. (JS at 23-24 (citing AR at 397, 417).)

The ALJ stated that the "claimant's testimony and that of his wife are inconsistent with the objective medical findings and statements in the record. The claimant was vague and evasive during questioning at the hearings and often answered that he did not remember or did not know. He failed to appear for some of his doctor appointments." (AR at 27.) He added that although the medically determinable impairments could "reasonably be expected to produce the alleged symptoms, . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Id.) He also noted that the subjective complaints of pain are not supported by the objective evidence or Plaintiff's activities which include driving, preparing meals, self-care, washing dishes, and vacuuming, essentially maintaining the household every day between 6:00 a.m. and 2:00 p.m. while his wife is at work. (Id. at 29.)

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and

aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. § 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Here, the ALJ found that Plaintiff's statements concerning his subjective complaints and alleged limitations were not altogether consistent with his medical records and daily activities. (AR at 27-29.) He noted that other than knee surgery, Plaintiff had received minimal and conservative treatment based on "very benign objective findings." (Id. at 29.) The ALJ also discussed inconsistencies in Plaintiff's testimony, and in his reports to his doctors, regarding distances he could walk, how long he had his back pain, whether or not he used a cane, and how long he could sit or stand. (Id. at 26.) Although Plaintiff claimed to have problems with back pain since his accident in June 2003, the records reflect that he did not mention back pain to his primary care physician until April 2004. (Id.)

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court

to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

## IV.
## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: September 21, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge